UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO SAWYERS ET AL.,

                        Plaintiffs,

-v-

CHRISTINE MCMAHON ET AL.,

                        Defendants.

23 Civ. 5494 (PAE) (SDA)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiffs, proceeding *pro se*, bring claims against defendants Christine McMahon and Fedcap Rehabilitation Services, Inc. (together, "defendants"), seeking damages and equitable relief under, *inter alia*, 42 U.S.C. §§ 1983, 1985, and 1988. *See* Dkt. 1-1. On June 27, 2023, defendants removed the case from the New York State Supreme Court in New York County. *See* Dkt. 1. On July 6, 2023, plaintiffs filed a "notice" opposing the removal of the case. Dkt. 14. On July 11, 2023, the Court, construing the notice as a motion for remand, referred the motion to the Honorable Stewart D. Aaron, United States Magistrate Judge, to whom this case is referred. Dkt. 15. On July 19, 2023, defendants opposed plaintiffs' motion for remand. Dkt. 16.

On August 1, 2023, Judge Aaron issued a Report and Recommendation (the "Report"), recommending that the motion be denied. Dkt. 18 ("Report"). On August 2, 2023, the Report was mailed to plaintiffs. No parties filed objections. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Aaron's characteristically well-reasoned Report reveals no facial error in its conclusions. The Report is therefore adopted in its entirety. Because the Report explicitly states that the parties "shall have fourteen (14) days (including weekends and holidays) from

2

service of this Report and Recommendation to file written objections," and that the failure to file timely objections "will result in a waiver of objections," the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Aaron's August 1, 2023 Report and Recommendation in its entirety and denies plaintiffs' motion for remand.

The Court respectfully directs the Clerk of the Court to terminate the motion at docket number 14. The case remains under the able supervision of Judge Aaron.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 17, 2023
       New York, New York