UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

WILFREDO SAWYERS, ET AL.,

                          Plaintiffs,

            -v-

CHRISTINE MCMAHON, ET AL.,

                          Defendants.

23 Civ. 5494 (PAE)

Opinion & Order

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

On June 26, 2023, Wilfredo Sawyers, Julian Burrell, Glenn Sullivan, and Jamin Caldwell (collectively, "plaintiffs"), *pro se*, filed this action in New York County Supreme Court against Fedcap Rehabilitation Services, Inc. ("Fedcap") and Christine McMahon ("McMahon"), CEO of Fedcap (collectively, "defendants"). *See* Dkt. 1, Ex. A. Their complaint alleged that defendants had committed federal constitutional violations and had breached contract(s) during their business relationship with the plaintiffs, who claim to have been Fedcap subcontractors. *See id.* at 5–6, 20–21. On June 27, 2023, after McMahon was served with the Summons and Verified Complaint, defendants filed a notice of removal in this Court. *See* Dkt. 1 ("Not. Removal").

On July 6, 2023, plaintiffs filed a motion to remand the case to state court. Dkt. 14 ("Remand Mot."). This Court referred the motion to the Hon. Stewart D. Aaron, Magistrate Judge, for a Report and Recommendation. Dkt. 15. On August 1, 2023, Judge Aaron issued a report recommending that the motion to remand be denied, because the federal constitutional claims that plaintiffs brought supplied jurisdiction in this Court, and, in removing, defendants had followed the applicable procedures under 28 U.S.C. § 1446. Dkt. 18 ("Report") at 3–4. On August 17, 2023, the period for objections having passed without the docketing of any objections

from plaintiffs, the Court adopted the Report. Dkt. 24. That day, plaintiffs filed a "Proposed Emergency Order to Show Cause Requesting An Immediate Default Judgment Against Defendants With Emergency Relief." Dkt. 26. The Court filed an order noting receipt of this filing and, while not finding a basis for emergency relief, directed defendants to respond by August 31, 2023.

Also on August 17, 2023, after the Court's decision adopting the Report had been docketed, a filing by plaintiffs styled as a "Cross-Motion to Strike All the Defendants' Pleading," a "Motion Opposing Report & Recommendation," and a "Motion for Default Judgment" was docketed. It bore a timestamp noting that it had been "received" on August 15, 2023. *See* Dkt. 29. Because objections filed by August 15, 2023 were timely, the Court withdrew its decision adopting the Report and directed defendants to respond by August 31, 2023. Dkt. 34.

On August 21, 2023, plaintiffs filed a second, largely identical cross-motion to strike, a motion opposing the Report, and a motion for default judgment. Dkt. 36. The Court responded with an order stating that it would turn to the objections that plaintiffs had filed, and additional outstanding matters, after defendants filed their responses, due August 31, 2023. Dkt. 40. On August 30, 2023, defendants filed an opposition to plaintiffs' proposed order to show cause as to default judgment and motion for default judgment, Dkts. 43, 48, plaintiffs' motions to strike, Dkt 44, and plaintiffs' objections to the Report, Dkt. 45, plus affirmations in support, Dkts. 46, 47.

For the following reasons, the Court adopts the Report in its entirety and declines to remand this case. The Court also denies plaintiffs' proposed order to show cause and motions for default judgment, and plaintiffs' motions to strike defendants' pleadings.

I. **Report and Recommendation**

   A. **Applicable Legal Standards**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

3

**B.     Discussion**

Even read liberally as required with a *pro se* filing, plaintiffs' objections either are non-responsive to the Report's reasoning or reiterate arguments made on the motion for remand. *See generally* Dkt. 29 ("Pl. Obj.").[1] As such, they call for only clear error review of the Report, the persuasive reasoning of which easily clears that bar. *See, e.g.*, *Dickerson*, 2013 WL 3199094, at *1–2; *Kirk v. Burge*, 646 F.Supp.2d 534, 539 (S.D.N.Y. 2009). In the interest of completeness, the Court nonetheless reviews these objections *de novo*.

First, plaintiffs claim that defendants committed "criminal fraud and filed a false and criminally fraudulent legal document," Pl. Obj. at 1–2, when they filed a letter-motion for an extension of time to file an answer with this Court and there represented that McMahon was served "[o]n June 27, 2023[.]" Dkt. 11. In fact, plaintiffs contend, they served McMahon the afternoon beforehand, on June 26, 2023. *See* Pl. Obj. at 2. Even taking this representation as true, this minor discrepancy is not indicative of a "criminal fraud." Defendants have clarified in multiple filings that the letter-motion should have read "[o]n or about" June 27, 2023. *See, e.g.*, Dkt. 44 at 3. And defendants had no reason to falsify this detail: plaintiffs have not pointed to any filing or other deadline as to which compliance would turn on the service date being June 27 as opposed to June 26. Critically, as the Report acknowledges, the defendants filed a notice of

---

[1] As noted, plaintiffs have submitted two parallel filings—though the latter attaches exhibits not attached to the former—styled as objections to the Report and as motions for default and to strike defendants' pleadings. Dkts. 29, 36. Although the documents are substantively co-terminous, formally, only the first qualifies as a timely objection. *See* Dkt. 29. As such, the Court cites in this portion of its decision only to the first filing. For avoidance of doubt, the Court's result would be the same had it ruled upon the second filing. To the extent plaintiffs argue that justice would be obstructed by deeming their initial filing untimely, Dkt. 36 at 4, the Court retracted its initial decision adopting the Report upon learning that these objections had been received in a timely fashion, Dkt. 34. Contrary to plaintiffs' claim, the processing delay in the docketing of the objections was not "fraud."

4

removal on June 27, 2023. Report at 3 n.1. Whether service was effectuated that same day or a day earlier, defendants' notice of removal was timely.

Plaintiffs next reiterate an argument addressed by the Report: that the presence of state law contract claims in their action divests this Court of jurisdiction. Pl. Obj. at 3. As the Report recognized, that is wrong. This Court has federal question jurisdiction over this action on the basis of the complaint's federal constitutional claims. *See* Not. Removal, Ex. A at 4–7; *see also* 28 U.S.C. § 1331. Federal courts exercising federal question jurisdiction may properly exercise supplemental jurisdiction over state-law claims brought in the same action, such as plaintiffs' breach of contract claims. *See* Report at 4; *see also* 28 U.S.C. § 1367(a). A review of plaintiffs' complaint reveals numerous federal claims. *See, e.g.,* Not. Removal, Ex. A at 4–7 (listing, under header "Rights Pursuant to U.S. Constitution Violated By These Defendants," alleged violations of the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments to the U.S. Constitution).

Plaintiffs next restate an argument that the Report thoroughly addresses and disposes of: that they are being irreparably harmed by being forced to litigate in federal court. Pl. Obj. at 3–4. As the Report explained, plaintiffs "will have a full and fair opportunity to be heard in this Court on all their claims," Report at 4. Plaintiffs do not offer any reason to assume otherwise. Plaintiffs relatedly object that they have not consented to Judge Aaron's supervision of this case, but the Court is authorized to refer motions or other pretrial matters for a magistrate judge's able review, without any requirement of party consent. *See* 28 U.S.C. § 636(b)(1). Plaintiffs' right instead is to object to the Magistrate Judge's Report, as plaintiffs have now done.

Plaintiffs, finally, argue that remand is required because this Court has a commercial contract with the defendants for building maintenance and janitorial services, presenting a

"major conflict of interest." Pl. Obj. at 4. There is, however, no conflict. This judge has not participated in a contract with the defendants for building services. And even assuming that every judge in this District were conflicted by virtue of the identity of the District's janitorial vendor, that would not support remand, but instead designation of an-out-of-district federal judge to hear this case.

As plaintiffs do not raise other objections to the Report, the Court reviews the balance of the Report's reasoning for clear error. Finding none, the Court adopts it in its entirety. The Court thus denies plaintiffs' motion for remand.

## II. Motions for Default Judgment

Plaintiffs' motions for default judgment are substantively deficient and procedurally inappropriate. A plaintiff may seek entry of default from the Clerk of Court when defendants against whom affirmative relief is sought "ha[ve] failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b).

Here, plaintiffs seek default judgment against defendants on the basis that defendants did not answer the Complaint by August 14, 2023, the deadline set by Judge Aaron. *See* Dkt. 27 at 4–5; Dkt. 13. That, however, is untrue. Defendants filed a motion to dismiss on August 14, 2023. Dkt. 19. A motion to dismiss is a responsive pleading akin to an answer for default judgment purposes. Defendants cannot be faulted for timely filing such a motion. *See, e.g.*, Fed. R. Civ. P. 12(b) ("A motion asserting [certain] defenses must be made before pleading if a responsive pleading is allowed."). For that reason, the Clerk of Court did not issue a certificate of default: because the motion to dismiss was (and is) still pending. *See* Dkt. 50. With defendants actively litigating and appropriately defending this case, there is no basis to enter a default.

6

Plaintiffs argue that default judgment is nonetheless appropriate because defendants served plaintiffs with their motion to dismiss on August 15, 2023, the day after the August 14, 2023 deadline to file that motion. Dkt. 36 at 7–8.[2] Defendants, however, timely *filed* their motion to dismiss with the Court, where it was electronically accessible to plaintiffs. Defendants thus have not "failed to plead or otherwise defend," as required for entry of a default judgment. Fed. R. Civ. P. 55(a); *see also Oklu v. Weinstein*, No. 15 Civ. 6488 (RWS), 2015 WL 7288655 (S.D.N.Y. Nov. 17, 2015) (allegation that defendant had not served *pro se* plaintiff with motion to dismiss did not support entry of default where defendant had timely filed motion with court).

### III. Motions to Strike

Plaintiffs' motions to strike defendants' pleadings are based on the same arguments that the Court has rejected above. *See* Dkts. 29, 36. And the only potentially relevant "pleading" is the pending motion to dismiss. Such a motion is not properly addressed via a motion to strike, but via an opposition brief, which plaintiffs have filed. *See* Dkt. 55. The Court thus denies the motions to strike.

### CONCLUSION

For the foregoing reason, the Court adopts the Report in its entirety and denies plaintiffs' motions for remand, default judgment, and to strike defendants' pleadings. The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 29 and 36.

---

[2] That an attorney for defendants represented in a sworn certificate of service, filed August 14, 2023, that he had that day "caused a copy" of defendants' papers "to be served via U.S. Mail" on plaintiffs, yet the papers did not arrive at their destination until August 15, 2023, is not criminal fraud or perjury, or at all improper. *See* Dkt. 21. As defendants explain, the attorney "caused" these papers to be served via U.S. Mail by placing them in the mailroom of counsel's law firm on August 14, 2023. *See* Dkt. 47.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: December 21, 2023
       New York, New York

8