UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILFREDO SAWYERS, ET AL.,

                                            Plaintiffs,

-v-

CHRISTINE MCMAHON, ET AL.,

                                            Defendants.

23 Civ. 5494 (PAE) (SDA)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Currently pending is a motion by defendants Christine McMahon and Fedcap Rehabilitation Services, Inc. ("Fedcap") to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 19. Before the Court is the January 29, 2024 Report and Recommendation of the Hon. Stewart D. Aaron, United States Magistrate Judge, recommending that the Court grant the motion in its entirety, and grant plaintiffs leave to amend except with respect to all Section 1988 claims, criminal law claims, and harassment claims. Dkt. 59 (the "Report") at 29. The Court incorporates by reference the summary of facts provided in the Report. For the following reasons, the Court adopts the Report in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4

(S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Aaron's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 30, plaintiffs' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court dismisses the complaint but grants plaintiffs leave to amend except as to any claims based on Section 1988, criminal law, or harassment. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: February 16, 2024
      New York, New York

2